# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| VERNON CHARLES PATTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHELBY COUNTY, et al., ) <br> ) <br> Defendants. ) | No. 2:19-cv-02256-TLP-tmp <br><br> JURY DEMAND |

**ORDER DENYING MOTION TO AMEND,
DIRECTING CLERK TO MODIFY THE DOCKET,
DISMISSING SECOND AMENDED COMPLAINT,
DENYING PENDING REQUESTS AND MOTIONS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE**

This Court dismissed Plaintiff Vernon Charles Patton's amended pro se complaint but granted him leave to file a second amended complaint. (ECF No. 24.) Plaintiff now submits many filings, including what he labels a "Rule 52(b)/54(b) Request to Amend," in which he contests some of the Court's conclusions in its previous order (ECF No. 25); a list of amendments he seeks to make to his initial complaint (ECF No. 26); an addendum to his Rule 52/54 Request (ECF No. 27); a second amended complaint with attachments (ECF No. 29); and additional attachments (ECF No. 30). The Court will address each of Plaintiff's filings in this Order.

## ANALYSIS

I.      **Rule 52(b)/54(b) Request to Amend**

Plaintiff seeks to amend using Rule 52 of the Federal Rules of Civil Procedure. Under Rule 52(b) party can request that the Court make additional findings after a trial and the entry of judgment. There has been no trial here and the Court has not yet entered judgment. Rule 52(b) therefore does not apply.

But under Rule 54, the Court retains the power to reconsider its previous order (ECF No. 24) in limited circumstances, including upon a showing of a previously unknown, material difference in fact or law from what was presented to the Court; a change of material facts or law; or a manifest failure by the Court to consider once presented material facts or dispositive legal arguments. W.D. Tenn. L.R. 7.3(a)–(b); *see also* Fed. R. Civ. P. 54(b).

Plaintiff contests the Court's holding that he failed to state a claim against Shelby County or the City of Memphis and that he cannot sue private parties under 42 U.S.C. § 1983. (ECF No. 24 at PageID 767–69, 770.) But Plaintiff does not contest the Court's conclusion that he is barred from raising any challenge to his pending state court prosecution here. (*Id.* at 771–72.) As noted, because Plaintiff's complaint sought to challenge the actions underlying his pending state prosecution, he cannot raise any claims in his original complaint which pertain to his arrest and prosecution, including those against Shelby County, the City of Memphis, and private parties he wishes to sue. Because Plaintiff does not challenge this conclusion and fails to assert any other basis for the Court to reconsider its previous Order dismissing his complaint, the Court **DENIES** his motion to amend under Rule 54(b).

In the alternative, Plaintiff requests additional time to prepare and submit a second amended complaint. (*Id.* at PageID 779–80.) But because he has already submitted a second

amended complaint within the thirty-day deadline, the Court **DENIES AS MOOT** his request for more time.

## II.     Amendments to Complaint

In his proposed amendments to his complaint, Plaintiff substitutes Shelby County, Tennessee, for the Shelby County Sheriff's Department and the City of Memphis for the Memphis City Police Department. (ECF No. 26 at PageID 782.) He then acknowledged that he could not meet the burden of proof for those parties so he dismissed Shelby County, the City of Memphis, and Assistant District Attorney General Dru Carpenter as Defendants from this suit. (*Id.* at PageID 783–84.) The Clerk is therefore **DIRECTED** to terminate these Defendants from the docket here.

Plaintiff also amends his request for relief to include a written apology from all Defendants and damages based on his time allegedly spent falsely imprisoned. (*Id.* at 782–83.)

## III.    Addendum to Rule 52/Rule 54 Request

Plaintiff's addendum (ECF No. 27), merely adds various case citations and quotations to the Rule 52(b)/54(b) request discussed above. *See supra* pp. 2–3. So no further discussion is warranted.

## IV.    Second Amended Complaint

Plaintiff's second amended complaint adds Defendants. He lists these Defendants: Shelby County, Captain Byers, Lieutenant Hudson, Lieutenant Connolly, Sergeant Brooks, Sergeant Meridith, Sergeant Knight, Officer Tabron, Officer Scott, Officer Flemming,[1] Officer Joyner, Officer Austin, Officer Shelton, Officer Calhoun, Officer Poole, Director Geeter, V.

---

[1] Plaintiff filed a correction with the Court, substituting "Flemming" for "Phelps" as the correct name for this officer. (ECF No. 37.)

Anthony, L. Barrett, D. Hurley, Ms. Harris, the City of Memphis, Sergeant Malvin Jones, Sharon Willis, and Shunnette D. Killion. (ECF No. 29 at PageID 801.)

### i. Plaintiff may not raise claims challenging his ongoing state court proceedings

Plaintiff reiterates his allegations against Sergeant Jones, Sharon Willis, and Shunnette Killion over his pending state prosecution. (*Id.* at PageID 802–85.) The Court will not revisit these allegations. As a result, for the reasons discussed in the Court's previous order dismissing the complaint, Plaintiff does not state a claim against Defendants Jones, Willis, or Killion and may not seek damages based on challenges to the procedure used or evidence obtained related to his pending state prosecution. (ECF No. 24 at PageID 769–72.)

### ii. Plaintiff's only timely allegations over his treatment at the CJC fail to state a claim

Plaintiff also lists new allegations of mistreatment at the hands of various officers or officials at the Shelby County Criminal Justice Center ("CJC"). (ECF Nos. 29 at PageID 805; 29-1.) The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision in Tenn. Code Ann. § 28-3-104(a)(1). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Nearly all of these alleged abuses occurred more than one year ago and are, thus, untimely.

Only two of Plaintiff's claims are timely: (1) that Sergeant Bryant "threw a party and the staff locked the whole 4th floor down to accom[m]odate staff attendance," and (2) that Counselor Barrett refused to copy supporting documents for motions Plaintiff needed to file. (*Id.* at PageID 814.) Plaintiff does not allege that Sergeant Bryant's actions affected him in any way,

4

much less in a way that violated his constitutional rights. And he fails to allege any prejudice, such as denial of his motions, from being denied copies of the supporting documents he allegedly needed for his motions. *See Rogers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citation omitted) (noting that to establish standing under a First Amendment claim that a plaintiff was denied access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim").

Because Plaintiff fails to allege any misconduct within the statute of limitations against Defendants Byers, Hudson, Connolly, Brooks, Meridith, Knight, Tabron, Scott, Joyner, Austin, Shelton, Calhoun, Poole, Geeter, Anthony, Hurley, or Harris, he fails to state a claim against any of them. *See Twombly*, 550 U.S. at 570 (holding that a complaint failing to allege an action by a Defendant necessarily fails to "state a claim for relief that is plausible on its face").

In a recent filing, Plaintiff alleges that Officer Flemming "express[ed] his disgust at me for being an alleged 'bitch-ass-child-rapist.'" (ECF No. 37.) Verbal abuse or harassment at the hands of prison officials does not violate the Eighth Amendment. *See e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that even harassment that constitutes "shameful and utterly unprofessional behavior" cannot constitute cruel and unusual punishment) *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment."). Plaintiff, therefore, does not state a claim against Flemming.

If Plaintiff seeks sue based on the denial of his grievances, he does not state a claim. "There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing

*Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Plaintiff therefore cannot premise a § 1983 claim on contentions that the grievance procedure was inadequate. *Id.*

And Plaintiff's general allegations against "the staff" also fail to state a claim. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (affirming district court's dismissal of complaint that "makes only categorical references to 'Defendants'" and holding that the complaint failed to "'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right'"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming that, because Plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint filed to state a claim for relief).

### iii. Plaintiff fails to state a claim under any subsection of 42 U.S.C. § 1985

Plaintiff also seeks to raise claims under 42 U.S.C. § 1985 but does not specify the subsection under which he seeks to bring them. Subsection 1985(1) "prohibits interference with officers in the performance of their duties." *Warner v. Greenbaum, Doll & McDonald*, 104 F. App'x 493, 497 (6th Cir. 2004). That subsection is not relevant here.

Subsection 1985(2) contains two separate clauses separated by a semi-colon. The first "forbids a conspiracy to deter a party or witness in a federal court from attending or testifying in court, punishing parties or witnesses for having attended or testified in federal court, or influencing or punishing federal jurors." *Id.* Plaintiff does not allege that Defendants tried to deter him from attending or testifying in any federal court. The second clause, which "applies to conspiracies to obstruct the course of justice in state courts," *Bragg v. Madison*, 20 F. App'x

6

278, 285 (6th Cir. 2001) (citing *Kush v. Rutledge*, 460 U.S. 719, 725 (1983)), also does not apply to Plaintiff's claims.

Finally, § 1985(3) "applies to conspiracies for the purpose of depriving, directly or indirectly, a person . . . of the equal protection of the laws." *Bragg*, 20 F. App'x at 285 (internal citation omitted). To state a claim under § 1985(3), however, Plaintiff "must demonstrate that there was 'some racial, or perhaps otherwise class-based, indiviously discriminatory animus behind the conspirators' action." *Id.* (quoting *Kush*, 460 U.S. at 726); *see also Vakilian v. Shaw*, 335 F.3d 509, 519 (6th Cir. 2003) (quoting *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994)) (noting that "[a] class protected by section 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender"). Plaintiff generally alleges that the Defendants conspired against him but does not assert that they did so based on his race or membership in any other protected class. He therefore does not state a claim under any subsection of § 1985.

For all the above reasons, Plaintiff's second amended complaint fails to state a claim for relief and is DISMISSED.

## APPELLATE ISSUES

Under 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff here would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good

faith. This Court therefore **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that any appeal by Plaintiff would not be taken in good faith.

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). The Court therefore instructs Plaintiff that, if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[2] This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## **CONCLUSION**

In conclusion, the Court **DENIES** Plaintiff's Rule 52(b)/54(b) Request to Amend. The Court also **DISMISSES** Plaintiff's second amended complaint for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because all of his federal claims are being dismissed, the Court **DECLINES** to exercise supplemental

---

[2] *See Patton v. State of Tennessee*, No. 2:19-cv-02172-TLP-tmp (W.D. Tenn. Sept. 16, 2019) (dismissing for failure to state a claim and assessing a strike).

8

jurisdiction over any claims arising under state law. Those state law claims are **DISMISSED** without prejudice under 28 U.S.C. § 1367(b)(3). Plaintiff has also filed interrogatories meant for the Shelby County Sheriff's Department (ECF No. 31); a petition for a subpoena of various items (ECF No. 33); a request for discovery (ECF No. 35); a petition for a subpoena (ECF No. 38); and a motion to waive fees (ECF No. 40). Because the Court is dismissing his complaint in its entirety, the Court **DENIES** these motions as moot. And the Court **DENIES** leave to amend further and **CERTIFIES** that any appeal here would not be taken in good faith.

    **SO ORDERED**, this 17th day of December, 2019.

                                             s/ Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE